FILED
JUL 2 4 2009

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

NADINE M. BRACKIN,                     )
                                       )
                    Plaintiff,         )       Civil Case No. 08-6340-KI
                                       )
        vs.                            )       OPINION AND ORDER
                                       )
MICHAEL J. ASTRUE,                     )
Commissioner of Social Security,       )
                                       )
                    Defendant.         )
_____       )


        Kathryn Tassinari
        Drew L. Johnson, P.C.
        1700 Valley River Drive, First Floor
        Eugene, Oregon  97401

                Attorney for Plaintiff

        Kent S. Robinson
        Acting United States Attorney
        District of Oregon


Page 1 - OPINION AND ORDER

Adrian L. Brown
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon  97204-29902

Stephanie R. Martz
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, Washington  98104-7075

       Attorneys for Defendant


KING, Judge:

Plaintiff Nadine Brackin brings this action pursuant to section 205(g) of the Social

Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the

Commissioner denying plaintiff's application for disability insurance benefits ("DIB") and

supplemental security income benefits ("SSI").  I reverse the decision of the Commissioner and

remand for further proceedings.

## DISABILITY ANALYSIS

The Social Security Act (the "Act") provides for payment of disability insurance benefits

to people who have contributed to the Social Security program and who suffer from a physical or

mental disability.  42 U.S.C. § 423(a)(1).  In addition, under the Act, supplemental security

income benefits may be available to individuals who are age 65 or over, blind, or disabled, but

who do not have insured status under the Act.  42 U.S.C. § 1382(a).


Page 2 - OPINION AND ORDER

The claimant must demonstrate an inability to engage in any substantial gainful activity
by reason of any medically determinable physical or mental impairment which can be expected to
cause death or to last for a continuous period of at least twelve months.  42 U.S.C.
§§ 423(d)(1)(A) and 1382c(a)(3)(A).  An individual will be determined to be disabled only if his
physical or mental impairments are of such severity that he is not only unable to do his previous
work but cannot, considering his age, education, and work experience, engage in any other kind
of substantial gainful work which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A) and
1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for
determining if a person is eligible for either DIB or SSI due to disability.  The claimant has the
burden of proof on the first four steps.  Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007), cert.
denied, 128 S. Ct. 1068 (2008); 20 C.F.R. §§ 404.1520 and 416.920.  First, the Commissioner
determines whether the claimant is engaged in "substantial gainful activity."  If the claimant is
engaged in such activity, disability benefits are denied.  Otherwise, the Commissioner proceeds
to step two and determines whether the claimant has a medically severe impairment or
combination of impairments.  A severe impairment is one "which significantly limits [the
claimant's] physical or mental ability to do basic work activities."  20 C.F.R. §§ 404.1520(c) and
416.920(c).  If the claimant does not have a severe impairment or combination of impairments,
disability benefits are denied.

If the impairment is severe, the Commissioner proceeds to the third step to determine
whether the impairment is equivalent to one of a number of listed impairments that the
Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R.

§§ 404.1520(d) and 416.920(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is presumed to be disabling, the Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from performing work which the claimant performed in the past. If the claimant is able to perform work which he or she performed in the past, a finding of "not disabled" is made and disability benefits are denied. 20 C.F.R. §§ 404.1520(e) and 416.920(e).

If the claimant is unable to perform work performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his or her age, education, and work experience. The burden shifts to the Commissioner to show what gainful work activities are within the claimant's capabilities. Parra, 481 F.3d at 746. The claimant is entitled to disability benefits only if he is not able to perform other work. 20 C.F.R. §§ 404.1520(f) and 416.920(f).

## STANDARD OF REVIEW

The court must affirm a denial of benefits if the denial is supported by substantial evidence and is based on correct legal standards. Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). Substantial evidence is more than a "mere scintilla" of the evidence but less than a preponderance. Id. "[T]he commissioner's findings are upheld if supported by inferences reasonably drawn from the record, and if evidence exists to support more than one rational interpretation, we must defer to the Commissioner's decision." Batson v. Barnhart, 359 F.3d 1190, 1193 (9th Cir. 2003) (internal citations omitted).

**THE ALJ'S DECISION**

The ALJ found that Brackin had severe impairments of chronic pain, multifactorial; degenerative disc disease of the cervical and lumbar spine; dysthymia; asthma; and headaches. The ALJ also found that these impairments, either singly or in combination, were not severe enough to meet or medically equal the requirements of any of the impairments listed in Appendix 1, Subpart P of the Social Security Regulations. After reviewing the record, the ALJ found that Brackin had the residual functional capacity to perform light work except: no prolonged standing or walking; no concentrated exposure to chemicals, dust, and fumes; limited to simple, routine tasks, and no frequent contact with the general public. Based on vocational expert testimony, the ALJ found that Brackin could work as an assembler and optical goods assembler and consequently was not disabled under the Act.

**FACTS**

Brackin alleges that she has been disabled since October 1, 2004 . Brackin, who was 41 years old at the time of the ALJ's decision, completed three years of college and worked as a certified nursing assistant, traffic control flagger, traffic control supervisor, receptionist, accounts payable clerk, and activity assistant. Brackin states that flagging was the perfect job for her and she cannot face trying to do something new.

Brackin complains of constant severe pain in her back, pain in her right shoulder and arm, daily neck pain, almost constant migraine headaches, and difficulty sleeping. She has had multiple ankle and shoulder surgeries. Brackin wakes up several times during the night and takes a one to four hour nap in the late morning and a three or four hour nap at dinnertime.

## DISCUSSION

The Commissioner concedes that the ALJ erred by not addressing the opinion of a psychiatrist, Dr. Whiteley. The Commissioner further concedes that this error impacted the ALJ's finding that Brackin was not credible and the ALJ's ultimate conclusion in step five that Brackin could perform several jobs.

Thus, the issue before me is whether to remand the action for additional proceedings or make a finding of disability now. The Commissioner argues that the record does not clearly establish that Brackin is disabled. The Commissioner interprets Dr. Whiteley's treatment notes to mean that Dr. Whiteley thought Brackin was unable to work in February and April 2008, more than three years after Brackin's alleged onset date, but that a change in medication could be beneficial. The Commissioner also claims that Brackin's own testimony is too vague or inconsistent to lead to a finding of disability.

Brackin contends that Dr. Whiteley's opinions in 2008, combined with the psychiatric and medical evidence prior to that time, compel a finding of disability. Brackin also disputes that her testimony is not credible and contends that the statements, although not identical, are not inconsistent.

On February 29, 2009, Dr. Whiteley examined Brackin, who reported that her moods were extremely erratic when she went off her medication for a month but that the rages stopped after being back on the medication for a week. Dr. Whiteley stated: "With respect to her ability to function in [a] work place environment, she has great difficulty even leaving the home at this point, and I feel that her depression will make her quite unable to function in a working

environment on a consistent and sustained basis." Tr. 389. The diagnosis was major depression, recurrent.

On April 10, 2008, Dr. Whiteley examined Brackin and stated in his chart notes that she was "certainly not capable of working at this point, but I do not want things to be even worse for her with the disruption of trying a new medication just prior to the [Social Security] hearing." Tr. 387. Brackin told Dr. Whiteley that she could not handle going into town more than two days a week because of anxiety. He diagnosed Brackin with major depression, recurrent, severe and generalized anxiety disorder.

The court has the discretion to remand the case for additional evidence and findings or to award benefits. McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002). The court should credit evidence and immediately award benefits if the ALJ failed to provide legally sufficient reasons for rejecting the evidence, there are no issues to be resolved before a determination of disability can be made, and it is clear from the record that the ALJ would be required to find the claimant disabled if the evidence is credited. Id. If this test is satisfied, remand for payment of benefits is warranted regardless of whether the ALJ might have articulated a justification for rejecting the evidence. Harman v. Apfel, 211 F.3d 1172, 1178-79 (9th Cir.), cert. denied, 531 U.S. 1038 (2000).

The "crediting as true" doctrine resulting in an award of benefits is not mandatory in the Ninth Circuit, however. Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003); Vasquez v. Astrue, 547 F.3d 1101, 1106 (9th Cir. 2008) (recognizing split within the circuit on whether the rule is mandatory or discretionary but not resolving the conflict), opinion amended and superseded on denial of reh'g en banc, 2009 WL 1941485 (July 8, 2009) (amending the dissent).

Page 7 - OPINION AND ORDER

The court has the flexibility to remand to allow the ALJ to make further determinations, including reconsidering the credibility of the claimant. Id. On the other hand, "in the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy, even though the vocational expert did not address the precise work limitations established by the improperly discredited testimony, remand for an immediate award of benefits is appropriate." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004).

I am unable to make a determination on the current record that Brackin is unable to perform gainful employment. Although she has physical impairments in several areas of her body which would be expected to cause pain, some of the doctors believe that Brackin's mental impairments might be worsening the pain that she feels. The ALJ was also surprised that Brackin had not been evaluated for migraines or put on a trial of the prophylactic drugs now available to prevent them. This was in spite of the fact that Brackin testified that the migraines were one of the two worst problems preventing her from working. Moreover, Dr. Whiteley's opinion does not encompass several years prior to his 2008 examinations of Brackin, even though her alleged onset date is in 2004 and her condition seems to have worsened during the intervening years. It is also clear from Brackin's testimony and her statement to many of the health care providers that she is psychologically unable to consider employment other than flagging. Again, she has not received psychological treatment to try to overcome this obstacle. In summary, Brackin's psychological state has not been evaluated sufficiently for this court to draw a conclusion. Thus, the case must be remanded for the ALJ to investigate further.

On remand, the ALJ should update the record, consider Dr. Whiteley's opinions, reevaluate Brackin's credibility, and reconsider steps four and five of the sequential evaluation process.

## CONCLUSION

The decision of the Commissioner is reversed.  This action is remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g) for rehearing to further develop the record as explained above.  Judgment will be entered.

IT IS SO ORDERED.

Dated this _____24_____ day of July, 2009.

Garr M. King
United States District Judge